UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:13-CR-00059-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL SONNIER (01)** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion for Recommendation of Retroactive Designation of Sentence filed by defendant Michael Sonnier. Doc. 36. Mr. Sonnier was sentenced in this court to a 120 month term of imprisonment on November 1, 2013, after pleading guilty to possession of child pornography. Docs. 23, 29. As a result of then-pending state charges, Mr. Sonnier did not begin service of his federal sentence until January 2023. Doc. 36, att. 2, p. 17. His projected release date is May 28, 2031. *Id.* at 13.

Mr. Sonnier now requests that the court retroactively designate his federal sentence as concurrent to his state sentence. In *Setser v. United States*, 566 U.S. 231 (2012), the Supreme Court held that the authority to order a federal sentence concurrent or consecutive with another sentence rests with the federal court. Subsequently, the United States Sentencing Commission amended its Guidelines to state that a court should order a federal sentence to run concurrent with an anticipated state sentence if the anticipated state sentence arose "from another offense that is relevant conduct to the instant offense of conviction[.]" U.S.S.G. § 5G1.3.

The authority for administering a sentence already imposed, however, rests with the Attorney General through the BOP. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Thus the BOP, rather than the district court, has the authority to award credit for time accrued in state custody against a federal sentence. *Id.* at 333. When a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for the time the defendant served in state custody by designating *nunc pro tunc* the state prison as the place in which the defendant serves a portion of his federal sentence. *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).

To secure this credit, an inmate must go through the BOP's administrative process. As part of this process the BOP solicits input from the district court and prosecutor before forming its opinion. *United States v. Thadison*, 2024 WL 3707557 (S.D. Miss. Aug. 7, 2024). A district court may then review a challenge to the BOP's refusal to grant credit for time served through a § 2241 petition, after the BOP has made a final decision on same. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). A petition under 28 U.S.C. § 2241 must be filed in the district where the petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Mr. Sonnier is currently incarcerated at FCI Yazoo City in Mississippi. While Mr. Sonnier styles his motion as a request for "nunc pro tunc recommendation," there is currently no request from the BOP before the court. Even if the court construes Mr. Sonnier's motion as an appeal from the BOP's prior decision(s), infra, it lacks jurisdiction to review the matter.

To the extent that Mr. Sonnier seeks clarification of his sentence, the court has no authority to correct the judgment under Federal Rule of Criminal Procedure 36. *See United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 where it was "consistent with the court's verbal explanation" and "does not contradict anything that the judge said at the sentencing hearing."). Although the district court inquired about the state charges at sentencing, she made no mention as to their impact on his federal sentence or vice-versa. *See* doc. 31, pp. 4, 9. Further, documents received from the United States Probation Office show that Mr. Sonnier has already attempted an adjustment through the BOP's administrative process. The supervising probation officer recommended against a nunc pro tunc designation based on a determination that the state offense, indecent behavior with a juvenile under the age of 13 (originally charged as aggravated incest), was unrelated to the federal offense, involving his receipt of images of children he was not related to. Even if a basis existed for amending the sentence or the BOP requested such a recommendation from this court, the court finds no grounds to do so. It is therefore **ORDERED** that the Motion for Recommendation of Retroactive Designation of Sentence [doc. 36] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of October, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE