UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:13-CR-00059-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| MICHAEL SONNIER (01) | MAGISTRATE JUDGE LEBLANC |

### MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 38] filed under 18 U.S.C. § 3582(c) by defendant Michael Sonnier, who asks the court to grant him a sentence reduction by retroactively declaring his federal child pornography sentence concurrent to a ten-year state sentence for indecent behavior with a juvenile. The government opposes the motion. Doc. 41.

### I.
### BACKGROUND

Defendant pleaded guilty to child pornography charges in this court and was sentenced on November 1, 2013, receiving a 120-month term of imprisonment. Docs. 27, 29. On March 15, 2015, he pleaded guilty in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, to charges of indecent behavior with a juvenile. *See Sonnier v. Warden, FCI-Texarkana*, 2024 WL 4043455, at *1 (E.D. Tex. Sep. 4, 2024). The state court ordered that this sentence run concurrently with defendant's federal sentence. *Id.* Defendant remained in state custody until December 12, 2022, when he was transferred into federal custody upon completion of his state sentence. *Id.*

While still in state custody, defendant sent a request for *nunc pro tunc* designation of the state facility as the location for service of his federal sentence. On March 19, 2023, the Bureau of Prisons denied that request, citing factors 2, 3, and 4 of 18 U.S.C. § 3621(b)—namely, the defendant's offense, criminal history, and the federal sentencing court's recommendation that the sentences run consecutively. *Id.* Defendant's appeals to the BOP were denied and he sought habeas relief in the United States District Court for the Eastern District of Texas, where he was incarcerated. The court dismissed his petition, finding no merit to his challenges. *Id.* The Fifth Circuit then found that defendant failed to present a nonfrivolous issue for appeal. *Sonnier v. Johnston*, 2025 WL 1029819, at *1 (5th Cir. Apr. 7, 2025).

Defendant also filed a motion for retroactive *nunc pro tunc* designation in this court. Doc. 36. The undersigned denied same. Doc. 37. He now seeks the same relief through a motion for compassionate release, asserting that the state court's subsequent order and his lack of success in obtaining a *nunc pro tunc* designation from any federal authority create extraordinary circumstances justifying relief under 18 U.S.C. § 3582(c)(1)(A). Doc. 38. The government opposes the motion, arguing that petitioner is improperly attempting to obtain habeas relief through a compassionate release motion. Doc. 41.

## II.
### LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are

"consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

      The government does not contest whether the defendant's motion is exhausted, but instead argues that compassionate release is not the appropriate vehicle for the relief he requests. The Fifth Circuit has adopted the "habeas-channeling rule," which forecloses using compassionate release as a means of challenging the legality or duration of a sentence. *United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023). "The reason for the habeas-channeling rule is simple: If a prisoner could avoid the strictures Congress imposed [on post-conviction relief] in Chapter 153 [of Title 28] by bringing their release from confinement claims under a different, more general, and more permissive statute, he obviously would." *Id.* at 187 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). A petitioner may still use compassionate release, however, to argue that his current sentence

is unfairly long in light of personal circumstances or because of non-retroactive changes to the law in combination with his extraordinary rehabilitation. *United States v. Jean*, 108 F.4th 275, 285–86 (5th Cir. 2024).

As previously noted by this court:

> The authority for administering a sentence already imposed, however, rests with the Attorney General through the BOP. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Thus the BOP, rather than the district court, has the authority to award credit for time accrued in state custody against a federal sentence. *Id.* at 333. When a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for the time the defendant served in state custody by designating *nunc pro tunc* the state prison as the place in which the defendant serves a portion of his federal sentence. *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).

*United States v. Sonnier*, 2024 WL 4554781, at *1 (W.D. La. Oct. 22, 2024). A district court reviews a challenge to the BOP's refusal to grant such a request through a habeas petition filed under 28 U.S.C. § 2241. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Such a petition must be filed in the district where the petitioner is currently incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001).

Defendant describes his own rehabilitation in arguing for his eligibility under the § 3553(a) factors. But he premises his eligibility for compassionate release on the federal sentencing court's failure to make a designation regarding his state court sentence and the ensuing denials of his requests for *nunc pro tunc* designation and habeas relief. These are not extraordinary circumstances. Instead, they are precisely the grounds that must be raised through a habeas petition. The fact that defendant has already done so and is dissatisfied with the result does not open up compassionate release as an alternative vehicle for appeal

in a different forum.[1] Thus, the defendant's motion does not provide any basis on which the court could grant compassionate release.

### III.
### CONCLUSION

For the reasons stated above the Motion for Compassionate Release [doc. 38] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 6th day of November, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant cites *Setser v. United States*, 566 U.S. 231 (2012), in which the Supreme Court held that the authority to order a federal sentence concurrent or consecutive with another sentence rests with the federal court and that compassionate release provides a vehicle "when the district court's failure to anticipate developments that take place after the first sentencing produces unfairness to the defendant[.]" *Id.* at 242–43 (cleaned up). But the *nunc pro tunc* process already provides the vehicle for addressing this situation, with the district court permitted to give input after sentencing through a *Barden* letter. *See Pierce*, 614 F.3d at 160 (discussing procedure). As described above, the BOP's decision is then reviewed through a habeas petition. Under the habeas-channeling rule, a petitioner may not obtain review of the same alleged errors through a compassionate release motion.